166

(No. 4775— )

KRALIS POULTRY COMPANY, INC., A CORPORATION, AND GREAT AMERICAN INSURANCE COMPANY, SUBROGEE, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

*Petition of Claimants for Rehearing denied October 27, 1961.*

JOHN J. YELVINGTON, Attorney for Claimants.

GRENVILLE BEARDSLEY, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Kralis Poultry Company, Inc., A Corporation, and Great American Insurance Company, Subrogee, have filed their complaint against respondent growing out of an accident, which occurred on June 14, 1956, on U. S. Route No. 50, approximately three-fourths of a mile east of the City of Olney, Richland County, Illinois.

The record consists of:

1. Complaint
2. Departmental Report
3. Transcript of evidence taken on April 10, 1958
4. Transcript of evidence taken on January 26, 1959
5. Motion of claimants for leave to waive the filing of abstract and brief
6. Proof of service of a copy of the motion of claimants for leave to waive the filing of abstract and brief on the Attorney General
7. Order of the Chief Justice granting the motion of claimants for leave to waive the filing of abstract, brief and argument
8. Statement of fact in lieu of abstract, brief and argument, together with attached certificate of service of a copy on the Attorney General
9. Statement, brief and argument of respondent
10. Commissioner's Report

On the above mentioned date, respondent, through the Division of Highways, was engaged in widening ditches and leveling shoulders along U. S. Route No. 50. In the course of this work, several men were employed,

who were using dump trucks, endgate loaders and other necessary quipment.

The employees of the Highway Department had erected warning signs, yellow and black in color, 24″ x 24″, indicating "Repair Zone", "Barricade Ahead", "Slow", and "One Way Traffic." A flagman was also stationed within the area.

The 1956 Chevrolet, 2 ton truck of claimant, Kralis Poultry Company, Inc., was being operated by one of its employees, Dwight Holman, whose duties consisted of buying poultry and eggs, and transporting them in Indiana and Illinois. At the time of the accident in question, the truck was loaded with eggs and poultry.

Mr. Holman was driving the truck within the repair zone area at or about the hour of 2:00 P.M. on said date, and at said time the road was dry and visibility was good, even though it was cloudy at said time. At said time and place, Mr. Holman was driving said truck in a westerly direction on the concrete slab, which was estimated to be approximately 18 feet in width.

Just prior to the accident, the Highway Department had a dump truck, which was under the control and operation of Mr. C. R. Stine, dumping dirt on the north shoulder of said highway.

Also just prior to said time, there was another vehicle, which has not been identified in the record, which was traveling in an easterly direction, but was not involved in said accident.

There seems to be no question but what claimant's, Kralis Poultry Company, Inc., agent was aware of the repair work being done on said highway for a distance of several hundred feet, and that he was sufficiently warned by signs and the flagman to reduce his speed and to travel with caution through this particular area.

There is very little dispute as to what happened just prior to the impact. As Mr. Holman approached the area where the dirt in the dump truck was being unloaded, he testified he noticed the operation, that the truck was facing in a northwesterly direction, mostly west, and that the dump box was being lowered. He then stated that when he was within 50 feet of the truck, it pulled out onto a portion of the concrete slab, traveling not faster than three or four miles per hour, and that his truck came in contact with it, causing damage to his truck and breakage of eggs and loss of poultry, being the cargo transported by him for Kralis Poultry Company, Inc., one of the claimants.

The impact threw the operator of the dump truck out of his truck, and pushed it for a considerable distance. Claimant's truck traveled some 75 feet or more after coming in contact with the slow moving truck, and extensive damage was done to the truck, for which the subrogation claim is being made. In fact, there was damage to the truck in the sum of $657.24.

Mr. Stine, the State's agent, testified that he did not see claimant's truck approach. Claimant's agent, Mr. Holman, testified that he was aware of the work being carried on, and that his truck was only moving at the rate of 15 miles per hour at the time of the impact, and that, just prior to the impact, he blew his horn, applied his brakes, and swung to the left. Mr. Holman further stated that the flagman slowed him down, and that he was driving at a rate of about 25 miles per hour.

The only witnesses testifying as to the occurrence were the driver of claimant's truck, Mr. Holman, and the driver of respondent's truck, Mr. Stine. Two other State employees were called as witnesses, who testified as to certain physical facts and the location of the vehicles after

the impact, but they did not see the actual impact between the two trucks.

The trial was held by the Commissioner on two separate dates, and on the first date the Attorney General's office was not represented, so that there was no cross-examination of claimant's witness, Mr. Holman. We believe that a lot could have been developed by cross-examination of this witness.

The State did not file an answer, so, therefore, under our rule, a general traverse or denial of the allegations will be considered.

There is testimony to the effect that Mr. Holman pleaded guilty to a traffic violation, but the section of the statute or the violation that he was charged with does not appear in the record. We could only assume that he was driving too fast for conditions. However, it is an admission, and is not denied, even though it was not proven in the proper manner. Therefore, we cannot overlook the charge and disposition of same.

We have held many times that the State of Illinois is not an insurer of all persons, who travel upon its highways. Furthermore, that, with the heavy traffic today, constant repair work is being done by the Highway Division for the convenience, comfort and safety of all those traveling thereon, and that, in view of this, the public using the highways have a certain responsibility in the operation of their vehicles to protect employees and to guard and protect their own property.

The burden of proof at all times is upon claimant to prove freedom from contributory negligence, the negligence of respondent being the proximate cause of the accident, and, thirdly, the injuries.

There is no question in our mind but what Mr. Stine was guilty of negligence in failing to see the approaching Kralis Poultry Company's truck. However, we cannot

170

overlook the physical facts as to the extensive damage done to the vehicles, the distance the vehicles traveled after the impact, and the warnings that were given to Mr. Holman.

In approaching and driving through the repair zone, Mr. Holman is chargeable with using reasonable care to guard against the possibility of what actually occurred in this particular situation, and, therefore, we cannot help but feel that he was driving too fast for the conditions, and that he was sufficiently warned of this. It is, therefore, our opinion that he was guilty of negligence in contributing to this accident, which resulted in the damages of claimants.

It is, therefore, the order of this Court that the claim of Kralis Poultry Company, Inc., and Great American Insurance Company, Subrogee, be denied.